UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 99-125-CR-Moore/Garber

UNITED STATES OF AMERICA,

v.

BEN JOHNSON,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court by Order of Reference from United States District Judge K. Michael Moore. Pursuant to such reference the Court has received the defendant Johnson's *pro se* Motion to Withdraw his Guilty Plea and the government's response in opposition. A hearing was held on November 17th, 2006 and the defendant appeared with his attorney of record, Abe Bailey, Esquire.

## FACTUAL BACKGROUND

This cause is back before this Court by remand from the Eleventh Circuit, who vacated an earlier judgment of guilt and imposition of a life sentence. Following the remand the defendant entered into a plea agreement with the government whereby he entered a plea of guilty to a single count of using a communication facility to further the commission of a drug offense, in violation of 21 U.S.C. §843(b). Such offense, upon conviction, carries a maximum term of imprisonment of four (4) years, as well as a fine. Johnson has already served in excess of four years based upon his earlier conviction that has since been vacated. The defendant, in his motion now before the court, seeks to vacate his guilty plea and proceed to trial. His motion, however, advances no basis for the vacating of his plea.

**DISCUSSION**

Rule 11(d), formerly Rule 32(e) of the Federal Rules of Criminal Procedure authorizes the Court to permit a withdrawal of a guilty plea before sentencing upon a movant's showing of "a fair and just reason for requesting the withdrawal." As stated above, the defendant has not made any showing of such fair and just reason for the withdrawal of his plea. Further, although such motions should be liberally construed, a defendant has no absolute right to withdraw a guilty plea prior to sentencing. *United States v. McCarty*, 99 F.3d 383,385 (11th Cir. 1996).

The transcript of the change of plea proceeding clearly reflects that the Court determined that "(1) the guilty plea must be free from coercion; (2) the defendant must understand the nature of the charges; and (3) the defendant must know and understand the consequences of his guilty plea." *United States v, Lejarde-Rada*, 319 F.3d 1288, 1289 (11th Cir. 2003). The record further reflects that the Court clearly determined the defendant's age, his educational background, and had not been recently treated for mental illness or drug addiction, and was not under the influence at the time of the change of plea. The Court further found that the defendant freely and voluntarily waived his right to an indictment and agreed to proceed on a charge set forth in an information. In response to the Court's inquiry the defendant stated that he understood the consequences of his guilty plea, the minimum and maximum terms of imprisonment that could be imposed, the imposition of a term of supervised release, the maximum fine and mandatory special assessment. The Court further found that the defendant had read and discussed his plea agreement with his attorney, as acknowledged by the defendant, who also admitted that he understood the terms of the plea agreement and that no other promises were made to him to induce his plea of guilty.. He further acknowledged that he was satisfied with the services of his counsel.

At the hearing on the Motion to Withdraw Guilty Plea the defendant, in response to the Court's inquiry, was not able to advise why he did not make his claims at the time of sentencing. He further offered no explanation for his failure to complain about the services of his attorney.

### CONCLUSION AND RECOMMENDATION

For reasons set forth above and based upon the Court's review of the record, and consideration of the submissions of the parties and argument advanced at the hearing, the undersigned respectfully

RECOMMENDS that the defendant's Motion to Withdraw guilty Plea DENIED.

The parties have ten (10) days from the date of this Report and Recommendation within which to file written objections, if any, with United States District Judge James Lawrence King. See 28 U.S.C. §636 (1991).  Failure to file timely objections may bar the parties from attacking on appeal the factual findings contained herein.  LoConte v. Dugger, 847 F.2d 745, 750 (11th Cir.), cert. denied, 488 U.S. 958 (1988).

RESPECTFULLY SUBMITTED at the United States Courthouse, Miami, Florida this 17th day of November, 2006.

_____
BARRY L. GARBER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
U.S. District Judge Moore
Counsel of record
Ben Johnson, *pro se*